# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-2148

_____

Joseph Langdon

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: December 17, 2013
Filed: December 30, 2013
[Unpublished]

_____

Before WOLLMAN, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Joseph Langdon appeals the district court's[1] order affirming the denial of disability insurance benefits. Upon de novo review, see Van Vickle v. Astrue, 539 F.3d 825, 828 & n.2 (8th Cir. 2008), we find that the reasons the administrative law judge (ALJ) gave for discounting the residual functional capacity (RFC) opinion of treating physician Stacey Noel were valid. See McDade v. Astrue, 720 F.3d 994, 999-1000 (8th Cir. 2013) (treating physician's opinion that applicant is unable to work involves issue reserved for Commissioner, and is not type of medical opinion which is entitled to controlling weight; treating physician's conclusory statement does not deserve controlling weight); Renstrom v. Astrue, 680 F.3d 1057, 1064 (8th Cir. 2012) (treating physician's opinion does not automatically control as record must be evaluated as whole); Perkins v. Astrue, 648 F.3d 892, 899 (8th Cir. 2011) (it is permissible for ALJ to discount opinion that is inconsistent with physician's own treatment notes). We thus find that it was proper for the ALJ to rely on a vocational expert's (VE's) testimony to find Langdon not disabled. See Buckner v. Astrue, 646 F.3d 549, 560-61 (8th Cir. 2011) (when VE's testimony is based on hypothetical that accounts for all of claimant's proven impairments, it constitutes substantial evidence); see also Perks v. Astrue, 687 F.3d 1086, 1092 (8th Cir. 2012) (claimant has burden of establishing RFC). The judgment of the district court is affirmed.

———————————————

[1] The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).